Form G-8

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re  Black Dog Chicago, LLC

Bankruptcy No. 19-28245

Debtor.

Chapter 11

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
## (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: Crane, Simon, Clar & Goodman, Debtor's Counsel

Authorized to Provide Professional Services to: Debtor

Date of Order Authorizing Employment: November 6, 2019

Period for Which Compensation is Sought:
From June 19, 2020 through December 10, 2020

Amount of Fees Sought: $ 136,760.00

Amount of Expense Reimbursement Sought: $ 290.00

This is an:  Interim Application _____   Final Application  ✓

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| 3/31/2020 | 10/4/19 to 2/26/20 | 71,157.70 | 71,157.70 | 71,157.70 |
| 7/15/2020 | 2/26 to 6/18/20 | 63,440.05 | 63,440.05 | 63,440.05 |

Dated:  12/15/2020

/s/Scott R. Clar
(Counsel)

(Rev 11/19/10)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-28245 |
| | ) | |
| Black Dog Chicago, LLC, | ) | Judge Janet S. Baer |
| | ) | |
| debtor/debtor-in-possession. | ) | Chapter 11 |

**NOTICE OF HEARING ON MOTION FOR ALLOWANCE AND
PAYMENT OF FINAL COMPENSATION AND
<u>REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL</u>**

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on December 15, 2020, Crane, Simon, Clar & Goodman, Debtor's counsel, filed a Motion for Allowance and Payment of Final Compensation and Reimbursement of Expenses (the "Motion"), thereby requesting the sum of $136,760.00 for legal services rendered to the Debtor for the period commencing June 19, 2020 through December 10, 2020, plus costs advanced for the same period in the sum of $290.00, and a determination that makes final the interim amount of $62,944 for fees and $496.05 for expenses entered by this court on July 15, 2020 and, a determination that makes final the interim amount of $68,328.00 for fees and $2,822.70 for expenses entered by this court on April 2, 2020.

PLEASE TAKE FURTHER NOTICE that any person objecting to the Motion is directed to file their objection(s) in writing with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604 on or before the hour **of 4:30 p.m. on the 4th day of January, 2021**, with a copy of said objection(s) to be simultaneously served upon Scott R. Clar, Crane, Simon, Clar & Goodman, 135 South LaSalle, Suite 3950, Chicago, Illinois 60603.

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion, together with objections timely filed, if any, will be held on **January 6, 2021** before the Honorable Janet S. Baer, Bankruptcy Judge, using Zoom for Government.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** (1) use the link: https://www.zoomgov.com/. (2) Enter the meeting ID 160 731 2971. (3) Enter the passcode 587656.

**To appear by telephone,** (1) CALL Zoom for Government at 1-669-254-5252 or 1-646-828-7666. (2) Enter the meeting ID 160 731 2971. (3) Enter passcode 587656.

**When prompted identify yourself by stating your full name.**

**To reach Judge Baer's web page** go to www.ilnb.uscourts.gov and click on the tab for Judges.

DATED:     December 15, 2020


**DEBTOR'S COUNSEL**:
Scott R. Clar
(Atty. No. 06183741)
Crane, Simon, Clar & Goodman
135 S. LaSalle, #3950
Chicago, IL 60603
(312) 641-6777
\mjo2\Black Dog\Fee Final.NOH

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Case No. 19-28245 |
| ) | |
| Black Dog Chicago, LLC, ) | Judge Janet S. Baer |
| ) | |
| debtor/debtor-in-possession. ) | Chapter 11 |

## NOTICE OF MOTION

TO:   ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on the **6th day of January, 2021, at 1:00 p.m.**, or as soon thereafter as counsel can be heard, I shall appear before the Honorable Janet S. Baer, or before any other Judge who may be sitting in Judge Baer's place, and present the **Final Fee Application for the Firm of Crane, Simon, Clar & Goodman,** a copy of which is attached hereto and herewith served upon you.

**This motion will be presented and heard electronically using Zoom for Government.**  No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** (1) use the link:  https://www.zoomgov.com/. (2) Enter the meeting ID 160 731 2971. (3) Enter the passcode 587656.

**To appear by telephone,** (1) CALL Zoom for Government at 1-669-254-5252 or 1-646-828-7666. (2) Enter the meeting ID 160 731 2971. (3) Enter passcode 587656.

**When prompted identify yourself by stating your full name.**

**To reach Judge Baer's web page** go to www.ilnb.uscourts.gov and click on the tab for Judges.

If you object to this motion and want it called on the presentment date above, you may file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may call the matter regardless.

/s/Scott R Clar
Crane, Simon, Clar & Goodman
135 S. LaSalle, Suite 3705
Chicago, IL 60603
(312) 641-6777
sclar@cranesimon.com

i

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing Notice of Motion and attached Motion to be served on all parties listed on all parties with an asterisk (*) the attached Service List via the Court's Electronic Registration/email (as indicated) and the Notice of Hearing on all other parties via first class mail, on the 15th day of December, 2020.

/s/Scott R. Clar

Case 19-28245    Doc 360    Filed 12/15/20    Entered 12/15/20 13:49:44    Desc Main
Document    Page 6 of 17

## **SERVICE LIST**

### **Court's Electronic Registration:**

- **Kurt M. Carlson***     kcarlson@carlsondash.com, knoonan@carlsondash.com;bmurzanski@carlsondash.com
- **Timothy R Casey***     timothy.casey@faegredrinker.com
- **Shelly A. DeRousse***     sderousse@freeborn.com, bkdocketing@freeborn.com
- **Margaret Fitzsimmons***     Margaret.fitzsimmons@lewisbrisbois.com, sally.boettcher@lewisbrisbois.com
- **Frances Gecker***     fgecker@fgllp.com, fgecker@ecf.axosfs.com;csmith@fgllp.com;fgecker@iq7technology.com;ecf.alert+Gecker@titlexi.com
- **Joshua D. Greene***     jgreene@springerbrown.com, aoloughlin@springerbrown.com
- **Micah R Krohn***     mkrohn@fgllp.com, csmith@fgllp.com;mmatlock@fgllp.com;csucic@fgllp.com
- **Richard S Lauter***     Richard.Lauter@lewisbrisbois.com, lbbscaesars@gmail.com
- **John A Lipinsky***     lipinsky@ccmlawyer.com, Haskell@ccmlawyer.com;matthiscyk@ccmlawyer.com
- **Ha M Nguyen***     ha.nguyen@usdoj.gov, USTP.region11.es.ecf@usdoj.gov
- **Devvrat V Sinha***     dsinha@seyfarth.com, jmcmanus@seyfarth.com;jwoods@seyfarth.com;chidocket@seyfarth.com
- **James B. Sowka***     jsowka@seyfarth.com, chidocket@seyfarth.com;ctholen@seyfarth.com;Jennifer-McManus-1834@ecf.pacerpro.com
- **Jordan Vick***     jvick@seyfarth.com, chidocket@seyfarth.com;jwoods@seyfarth.com
- **Martin J Wasserman ***     mwasserman@carlsondash.com, knoonan@carlsondash.com

### **Via Email:**

Howard Davis*
Law Office of Howard Davis
120 N. LaSalle St., #1200
Chicago, IL 60602-3496
hdavis@davislaw1.com

**Notice Only Via First Class U.S. Mail**
Amit Gauri
330 W. Concord Place
Chicago, IL 60614

Black Dog Foods, LLC
4226 Lawndale
Lyons, IL 60534

Black Dog Chicago as successor
by merger
4226 Lawndale
Lyons, IL 60534

Black Dog Commercial Venture Corp.
1101 W. Lake St.
Chicago, IL 60607-1646

Federated Insurance Co.
PO Box 755
Batavia, IL 60510

Heritage FS, Inc. - Gilman Terminal
1842 N US Highway 45
Gilman, IL 60938

Howard Davis
120 N. LaSalle St., #1200
Chicago, IL 60602

Ice Miller
200 W. Madison, #3500
Chicago, IL 60606-3471

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Nicor Gas
PO Box 2020
Aurora, IL 60507-2020

OlsenUbben LLC
222 W. Hubbard St., #300
Chicago, IL 60654-6896

Parent Petroleum Inc.
3340 W. Main St.
Saint Charles, IL 60175

Peter Mancini
630 N. State St.
Chicago, IL 60654

PNC Bank
55 W. Monroe St., Lobby 100b
Chicago, IL 60603

PNC Bank National Association
Attn: Bradley Krieschen
325 N. Milwaukee
Libertyville, IL 60048

S.B.C. Waste Solutions Inc.
PO Box 1022
Lombard, IL 60148

Seyfarth Shaw LLP
Attn: Jerome F. Buch
233 S. Wacker Dr., #8000
Chicago, IL 60606

Verizon
PO Box 489
Newark, NJ 07101-0489

IN THE UNITED STATES BANKRUTPCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | Case No. 19-28245 |
| Black Dog Chicago, LLC, | Judge Janet S. Baer |
| debtor/debtor-in-possession. | Chapter 11 |

**FINAL FEE APPLICATION OF THE FIRM
OF CRANE, SIMON, CLAR & GOODMAN**

CRANE, SIMON, CLAR & GOODMAN, as successor to Crane, Simon, Clar & Dan, counsel for Black Dog Chicago, LLC, debtor/debtor-in-possession ("Debtor"), and for its motion pursuant to §§ 330 and 331 of the Bankruptcy Code for Allowance and Payment of Final Compensation and Reimbursement of Expenses (the "Motion"), respectfully state as follows:

**INTRODUCTION**

1. On October 4, 2019, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2. The Debtor managed its financial affairs as debtor-in-possession from the Petition Date until October, 6, 2020 when Francis Gecker was appointed Chapter 11 Trustee ("Trustee"). No trustee, examiner or committee of unsecured creditors has been appointed to serve in this reorganization case.

3. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. Sections 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. Sections 1408 and 1409. This matter is a "core" proceeding pursuant to 28 U.S.C. Sections 157(b).

1

4.  The statutory predicates for the relief requested in this Motion are §§ 330 and 331 of the Bankruptcy Code.

**Relevant Factual Background**

5.  The Debtor is an Illinois limited liability corporation, and is a holding company which owns 100% of the membership interests in subsidiaries that operate, separately, in the petroleum distribution, Black Dog Petroleum ("Petroleum"), food distribution, Black Dog Foods ("Foods") and document management solution, Black Dog Solutions ("Solutions") industries. (Petroleum, Foods and Solutions will hereinafter be referred to as the "Subsidiaries").

6.  Amit Gauri ("Gauri") is the Debtor's manager. Gauri, through an entity owned by him, is the majority member of the Debtor.

7.  The Debtor filed its Chapter 11 case as a result of litigation between the Debtor and Parent Petroleum (the "Parent Litigation"). The Parent Litigation is pending in the Circuit Court of DuPage County. Parent obtained partial summary judgment against the Debtor in the amount of $2.3 million.

8.  The Debtor's Chapter 11 case was filed to protect the Debtor's membership interests in the Subsidiaries, and to ensure distribution to the Debtor's other creditors.

9.  The Subsidiaries are ongoing, viable and profitable businesses, and the cash flow of the Subsidiaries was to be a component of the Debtor's plan of reorganization ("Plan"). The Plan contemplated payment of 100% of allowed claims. It is unknown whether the Trustee will adopt the Plan, modify the Plan, or propose a different Plan.

10. Gauri committed to utilization of his personal assets to the Plan, along with the solicitation of significant capital infusions from Gauri's father, Inder Gauri, and the

minority member of the Debtor, the Olsen-Ubben Trust. The Plan was amended to include an additional significant infusion of capital from Gauri, based on additional borrowing, to assist in funding the Plan.

11.   The Debtor's membership interests in the Subsidiaries, as well as the considerable assets of the Subsidiaries are subject to security interests in favor of PNC Bank ("PNC") and Heritage FS, Inc. ("Heritage"). PNC is owed less than $3 million, and Heritage is owed approximately $340,000.

12.   On November 6, 2019, this Court entered an Order authorizing the Debtor to employ Crane, Simon, Clar & Dan ("CSCD," and now CSCG") as bankruptcy counsel. CSCD received a $27,928 pre-petition retainer.

13.   On April 2, 2020, this Court entered an Order Allowing Interim Compensation and Reimbursement of Expenses to CSCG for services provided from October 4, 2019 through and including February 26, 2020 in the amount of $68,328.00 for fees and $2,822.70 for expenses (the "First Interim Allowance"). After application of the Pre-Petition Retainer, CSCG was paid the sum of $43,222.70 pursuant to the Post-Interim Allowance.

14.   On July 16, 2020, this Court entered an Order Allowing Second Interim Compensation and Reimbursement of Expenses to CSCG for services provided from February 26, 2020 through and including June 18, 2020 in the amount of $62,944 for fees and $496.20 for expenses (the "Second Interim Allowance").

15.   By this Motion, CSCG requests an allowance of final compensation and reimbursement of expenses in the amounts of $270,854.70 and $3,608.75, respectively for the period commencing October 4, 2019 through and including December 10, 2020,

and for allowance and payment of compensation in addition to that already awarded for the period June 19, 2020 through and including December 10, 2020.

16.    Time spent in the Debtor's Chapter 11 case has been in connection with the categories described herein.  The majority of time spent in the Debtor's Chapter 11 case related to the Parent Litigation, which included motions filed by Parent to lift the automatic stay, to have the Bankruptcy Court abstain from hearing the Debtor's objection to Parent's claim, to abstain from hearing an adversary filed against Parent in connection with Parent's wrongful acts in dealing with the Debtor, and a motion to convert the Debtor's Chapter 11 case under Chapter 7 of the Bankruptcy Code, or appoint a Chapter 11 trustee (the "Trustee Motion").  The Debtor ultimately consented to the appointment of the Trustee.

## CSCG Biographical Information

17.    CSCG is a law firm whose practice is almost exclusively concentrated in the fields of bankruptcy, insolvency and commercial matters.  The firm is comprised of six (6) attorneys, all of whom have significant experience and expertise in the law firm's area of concentration.  The following is certain biographical information pertaining to Scott R. Clar, the member of the law firm who has rendered the majority of the services in the Debtor's Chapter 11 case.

## SCOTT R. CLAR

Scott R. Clar is a member of the law firm of Crane, Simon, Clar & Goodman, and has been a practicing attorney in the State of Illinois since 1982. He has been primarily responsible for the representation of the Debtors in this case. From January, 1985, through September, 1986, he was employed as a staff attorney with the United States

Trustee's Office in the Northern District of Illinois, where he administered over 200 Chapter 11 cases, as well as supervised Chapter 7 panel trustees. From September, 1986, through December, 1987, he was employed by the law firm of Adelman & Gettleman, Ltd., where he continued to practice in the areas of bankruptcy and insolvency related matters. In January 1988, he became associated with Dannen, Crane, Heyman & Simon, predecessor to CHSWC, CSCD and CSCG, and became a partner in 1994. His practice is concentrated in the field of bankruptcy, having represented Chapter 7 and Chapter 11 debtors, trustees, unsecured creditors' committees and individual creditors. Mr. Clar has been a panel member and a moderator for several bar association-sponsored bankruptcy seminars. He is a member of the Federal Trial Bar, and he is a former Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization.

Mr. Clar has been recognized as a "Leading Lawyer" in the field of Bankruptcy and Workout Law: Commercial by the Illinois Leading Lawyers publication.

18. The hourly rates charged by CSCG for legal services rendered in this bankruptcy case are as follows:

| Attorney | Rate |
| --- | --- |
| Eugene Crane ("EC") | $520.00 |
| Arthur G. Simon ("AGS") | $520.00 |
| Scott R. Clar ("SRC") | $520.00 |
| Karen R. Goodman ("KRG") | $520.00 |
| John H. Redfield ("JHR") (of counsel) | $400.00 |

These hourly rates are the customary and usual rates which CSCG charges clients on matters of this nature.

19. The total time expended by CSCG attorneys in connection with this Chapter

11 case during the period commencing June 19, 2020 through and including December 10, 2020 is as follows:

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon (AGS) | 5.3 | $ 2,756.00 |
| Scott R. Clar (SRC) | 254.8 | 133,016.00 |
| Karen R. Goodman (KRG) | 1.9 | 988.00 |
| **Total** | **262.0** | **$136,760.00** |

## LEGAL SERVICES RENDERED

Legal services rendered by CSCG, as more fully described in **Exhibits A through F**, have been divided into the following categories:

### A.    Parent Litigation and Discovery

The following litigation, adversary proceedings, and disputed matters were pending between the Debtor and Parent, as of the time of the appointment of the Trustee and required legal services from CSCG:

a) Adversary No.19-01052, the Debtor's Complaint against Parent to extend the automatic restraining provisions of Section 362 of the Bankruptcy Code to Gauri (the "*Stay Complaint*");

b) Debtor's motion for preliminary injunction or temporary restraining order in connection with the Stay Complaint (the "*Injunction Motion*");

c) the Debtor's Objection to Parent's claim (the "*Claim Objection*");

d) Parent's Motion to have this Court abstain from hearing the Claim Objection (the "*First Abstention Motion*");

e) the Debtor's adversary case against Parent for tortious interference with the Debtor's business relationships and other relief, pending as Adversary No. 20-00021 (the "*Tortious Interference Complaint*");

f) The Debtor's Motions for Leave to Amend the Claim Objection and the Tortious Interference Complaint;

g) Parent's motion to have this Court abstain from hearing the Tortious Interference Complaint) (the "*Second Abstention Motion*"); and

h) Parent's Motion for Relief from Stay to allow the Parent Litigation to continue in the Circuit Court for the Eighteenth District, DuPage County, Illinois (the "*Stay Relief Motion*").

i) Parent's Motion to Convert the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, or, in the alternative for the appointment of a Chapter 11 Trustee (the "Parent Conversion Motion")

Total Time Expended: <u>174.9</u> hours

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon ("AGS") | 5.3 | $2,756.00 |
| Scott R. Clar ("SRC") | 168.9 | 87,828.00 |
| Karen R. Goodman ("KRG") | .7 | 364.00 |
| **Total** | **174.9** | **$90,948.00** |

Attached to this Motion as **Exhibit "A"** is an itemization of the legal services rendered in this category.

B.  **Plan and Disclosure Statement**

CSCG expended a significant amount of time in the drafting and filing of the plan and disclosure statement, including two amendments thereto, which Plan, to the best of CSCG's knowledge has not been withdrawn by the Trustee.

CSCG expended time in connection with preparation of this Motion and the Third and Final Fee Application.

Total Time Expended: <u>63.9</u> hours

| Attorney | Hours | Amount |
|---|---|---|
| Scott R. Clar ("SRC") | 62.7 | $32,604.00 |
| Karen R. Goodman ("KRG") | 1.2 | 624.00 |
| **Total** | **63.9** | **$33,228.00** |

        Attached to this Motion as **Exhibit "B"** is an itemization of the legal services rendered in this category.

C.    **PNC Issues**

        CSCG spent time in connection with facilitating production of documents and a forbearance agreement with PNC as part of the Plan.

        Total Time Expended:    9.8 hours

| Attorney | Hours | Amount |
|---|---|---|
| Scott R. Clar ("SRC") | 9.8 | $5,096.00 |
| **Total** | **9.8** | **$5,096.00** |

        Attached to this Motion as **Exhibit "C"** is an itemization of the legal services rendered in this category.

D.    **Post Trustee Appointment Matters**

        CSCG expended time on behalf of the Debtor after the appointment of the Trustee, facilitating the Trustee's knowledge of the Debtor and subsidiaries' businesses.

        Total Time Expended:    10.9 hours

| Attorney | Hours | Amount |
|---|---|---|
| Scott R. Clar ("SRC") | 10.9 | $5,668.00 |
| **Total** | **10.9** | **$5,668.00** |

        Attached to this Motion as **Exhibit "D"** is an itemization of the legal services rendered in this category.

E.    **Fee Motion**

        CSCG expended time in connection with preparation of this Motion.

        Total Time Expended:    3.5 hours

| Attorney | Hours | Amount |
|---|---|---|
| Scott R. Clar ("SRC") | 3.5 | $1,820.00 |
| **Total** | **3.5** | **$1,820.00** |

Attached to this Motion as **Exhibit "E"** is an itemization of the legal services rendered in this category.

## EXPENSES INCURRED

18. During the course of the representation of the Debtor, CSCG has incurred necessary expenses for which reimbursement is sought. The total amount of these expenses for the period commencing June 19, 2020 through and including December 10, 2020 is $290.00. Attached to this motion as **Exhibit F** is an itemization of the expenses incurred.

## CONCLUSION

19. Other than as provided in Section 504(b) of the Bankruptcy Code, CSCG has not shared, or agreed to share, any compensation received as a result of this case with any person, firm or entity. No promises concerning compensation have been made to CSCG by any person, firm or entity.

20. CSCG asserts that the compensation requested in this Motion is reasonable compensation for the actual and necessary legal services rendered, based upon the time, nature, extent and value of such legal services. CSCG further asserts that the cost of legal services rendered for and on behalf of the Debtor is comparable to the cost of similar services in matters other than under the Bankruptcy Code.

21. CSCG asserts that the expenses for which reimbursement is sought in this Motion are reasonable and were actual and necessary expenditures required in the representation of the Debtor.

WHEREFORE, for the foregoing reasons, Scott R. Clar and the law firm of Crane, Simon, Clar & Goodman, counsel for the Debtor, prays for the entry of an Order as follows:

A. Allowing final compensation and reimbursement of expenses to CSCG in the amounts of $270,854.70 and $3,608.75, respectively, for services provided from the period commencing October 4, 2019 through and including December 10, 2020;

B. Allowing any unpaid fees as a Chapter 11 administrative expense; and

C. Granting such other relief as may be just and equitable.

BLACK DOG CHICAGO, LLC

By: /s/ Scott R. Clar
One of its attorneys

**DEBTOR'S COUNSEL:**
Scott R. Clar
(Atty. No. 06183741)
Crane, Simon, Clar & Dan
135 S. LaSalle Street, Suite 3705
Chicago, Illinois 60603
312-641-6777
W:\MJO2\Black Dog\Pay CSCG- Final.mot and NOM