# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 19-28245 |
| | ) | |
| BLACK DOG CHICAGO, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |
| | ) | |
| | ) | Hearing Date:   March 31, 2021 |
| | ) | Hearing Time:   1:00 p.m. |
| | ) | Room No.:         By ZoomGov Meeting |

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on **March 31, 2021**, at **1:00 p.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Janet S. Baer, or any judge sitting in that judge's place, and present the **Trustee's Motion to Convert Case to Chapter 7** (the "Motion").

**This Motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the Motion, you must do the following:

**To appear by video**, use link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is: **160 731 2971** and the passcode is: **587656**. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this Motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated:  March 23, 2021

Respectfully submitted,

FRANCES GECKER, as Chapter 11
Trustee of Black Dog Chicago, LLC

By:     /s/     *Micah R. Krohn*
        One of her attorneys

Micah R. Krohn (6217264)
FRANKGECKER LLP
1327 W. Washington Blvd., Suite 5G
Chicago, IL 60607
Telephone: (312) 276-1400
*mkrohn@fgllp.com*

{BLACKDOG/001/00060848.DOCX/3}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 19-28245 |
| | ) | |
| BLACK DOG CHICAGO, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |

### TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7

Frances Gecker, as Chapter 11 trustee (the "Trustee") of the bankruptcy estate of Black Dog Chicago, LLC (the "Debtor"), seeks the entry of an order, pursuant to 11 U.S.C. § 1112(b)(1) and Fed. R. Bankr. P. 1017(f)(1), converting this case (the "Case") to Chapter 7.

### JURISDICTION

1. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are 11 U.S.C. § 1112(b)(1) and Fed. R. Bankr. P. 1017(f)(1).

### BACKGROUND

2. On October 4, 2019, the Debtor filed a voluntary Chapter 11 bankruptcy petition, commencing this case (the "Case"). The Debtor, a certified Minority Business Enterprise ("MBE"), is a holding company owning businesses founded in 2006 by Amit Gauri.

3. The Debtor through its three wholly owned subsidiaries, Black Dog Petroleum, LLC ("Petroleum"), Black Dog Solutions, LLC ("Solutions") and Black Dog Foods LLC ("Foods" and collectively with Petroleum and Solutions, the "Subsidiaries" and collectively with the Debtor, ("Black Dog") distributes petroleum products, food and office services to private sector companies and government clients.

4. The Debtor's largest customers are the State of Illinois, Cook County and the City of Chicago. Mr. Gauri is the manager of the Debtor and its Subsidiaries. A company owned by Mr. Gauri is the majority member of the Debtor.

5. Among the various companies, Black Dog has approximately 40 employees, has offices, warehousing and distribution facilities in Lyons, Illinois and leases ten facilities around Illinois for storage of reclaimed asphalt shingles.

6. The Debtor's assets are encumbered pursuant to various loan and security agreements that it entered into with PNC Bank, NA ("PNC") in September 2017 and with Heritage FS, Inc. ("Heritage") in June 2018.

7. In addition, on or about January 1, 2018, Petroleum entered into: (a) a Master Factoring Agreement (the "Factoring Agreement") with Southwind Industries, Inc. ("SII") pursuant to which Petroleum purported to sell up to $3.5 million of Petroleum's accounts receivables to SII in exchange for certain fees and interest; and (b) various agreements with Southwind RAS, LLC ("Southwind RAS" and together with SII, "Southwind"), relating to Petroleum's purchase and recycling of asphalt shingles.

8. On April 24, 2020, a judgment creditor of the Debtor, Parent Petroleum, Inc. ("Parent"), filed a motion to convert the Case to Chapter 7, or alternatively to appoint a Chapter 11 trustee [Dkt. No. 119] ("Motion to Convert"). In support of the Motion to Convert, Parent alleged, among other things, that Mr. Gauri engaged in various forms of self-dealing and failed to timely file monthly operating reports on behalf of the Debtor.

9. On September 22, 2020, the U.S. Trustee (the "UST") filed two motions for Rule 2004 examinations, alleging that on September 21, 2020, a representative of the United States Business Administration informed the UST that:

- In April 2020, the Subsidiaries obtained loans totaling in excess of $400,000 through the Paycheck Protection Program ("PPP") under the CARES Act; and

- In June 2020, the Debtor obtained a loan in the amount of $150,000 through the Economic Injury Disaster Loan Program under the CARES Act.

10. The Debtor failed to either obtain Bankruptcy Court approval prior to obtaining the post-petition government loans or to disclose the loans in connection with its Third Amended Plan of Reorganization filed on August 3, 2020 (the "Plan").

11. In connection with its proposed Plan, the Debtor also failed to disclose its multi-tiered relationship with Southwind, including Petroleum's multi-million-dollar indebtedness under the Factoring Agreement.

12. On September 30, 2020, the Court entered an Agreed Order Appointing Chapter 11 Trustee. On October 6, 2020, the Court entered an order approving the appointment of Ms. Gecker as Chapter 11 trustee in the Case.

**The Procedures Order**

13. On October 21, 2020, the Court entered its Order Approving Case Management Procedures (the "Procedures Order"). Pursuant to the Procedures Order, among other things, the Debtor is required to:

- Produce detailed reporting of Black Dog's operations to the Trustee each month;

- Make monthly payments to PNC and Heritage; and

- Transfer all Black Dog bank accounts and all deposits therein to bank accounts at PNC.

14. In addition, under the Procedures Order, Black Dog was prohibited from making any payments to Mr. Gauri or to his relatives or affiliates.

15. Black Dog has operated in violation of the Procedures Order since its entry in October. Specifically, Black Dog has failed to transfer all of its bank accounts and deposits to accounts at PNC; failed to produce the required reports and documents for periods after September 2020; and up until service of a cease-and-desist letter dated January 13, 2021, was paying Mr. Gauri annual compensation of $240,000 without the Trustee's prior written approval.

**The Newpoint Report**

16. On December 2, 2020, the Court authorized the Trustee's retention of Matthew Brash and Newpoint Advisors Corporation (collectively, "Newpoint") to perform an onsite review of Black Dog's books and records to ascertain an accurate picture of Black Dog's financial condition, produce cash flow projections and assess the viability of reorganizing the Debtor's business pursuant to a plan of reorganization.

17. On February 3, 2021, Newpoint produced its Proactive Assessment Report (the "Newpoint Report") to the Trustee, documenting significant accounting deficiencies, including:

- The Debtor's books reflect significant deficiencies regarding historical assets, liabilities, revenue and net income/(loss);

- The Debtor was unable to produce finalized historical data;

- Tracking of the Debtor's accounts receivables and accounts payables could be tested only through the Debtor's general ledger due to deficient financial processes; and

- The Debtor has not filed 2019 tax returns.

18. In addition, Newpoint found that Black Dog is in serious need of working capital, operates at negative cash flow, has no available credit to supplement cash flow and shows no ability to service debt while meeting operating expenses.

19. On March 22, 2021, Mr. Gauri filed a Chapter 11 bankruptcy petition in this Court, Case No. 21-3680.

## RELIEF REQUESTED

20. The Trustee respectfully requests the entry of an order, pursuant to 11 U.S.C. § 1112(b), converting this Case to Chapter 7.

## BASIS FOR RELIEF SOUGHT

21. Pursuant to 11 U.S.C. § 1112(b), the Court may convert a Chapter 11 case to Chapter 7 for cause. Pursuant to that section, "cause" includes the following:

(A) Substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(E) Failure to comply with an order of court; and

(I) Failure to timely pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief.

11 U.S.C. § 1112(b)(4).

22. The purpose of section 1112(b) is to circumvent the delay and expense of the plan confirmation process where no reasonable possibility for reorganization exists. *See In re Woodbrook Assocs.*, 19 F.3d 312, 317 (7th Cir. 1994).

23. In addition, courts have found "cause" warranting conversion in instances of self-dealing, insider transactions and breaches of fiduciary duty. *See In re New Millennium Mgmt., LLC*, 2014 WL 2465938, at *3 (Bankr. S.D. Tex. Jun. 2, 2014); *In re Running*, 1990 WL 304246, at *6 (N.D. Ill. Oct. 30, 1990).

24. Courts also have found "cause" warranting conversion in instances of bad faith, including the failure to file accurate schedules or monthly operating reports. *See New Millennium Mgmt.*, 2014 WL 2465938, at *3; *In re Del Monico*, 2005 WL 1129774, at *4 (Bankr. N.D. Ill. May 13, 2005).

{BLACKDOG/001/00060848.DOCX/3}    5

25. Based on the Trustee's investigation to date, the Trustee believes that continued operation in Chapter 11 will result in an unnecessary diminution of the estate. Specifically, where Black Dog has failed to maintain accurate and reliable books and records, failed to comply with the Procedures Order, and failed to demonstrate an ability to generate sufficient revenues to fund a reorganization plan, the Trustee believes there is no viable reorganization in prospect.

26. It is well established that the applicable standard for determining a reasonable likelihood of rehabilitation is "whether the debtor's business prospects justify continuance of the reorganization effort." *In re Kowalski*, 2018 WL 6841355, at *2 (Bankr. N.D. Ill. Nov. 30, 2018); *In re LG Motors, Inc.*, 422 B.R. 110, 116 (Bankr. N.D. Ill. 2009).

27. The significant constraints on the Debtor's ability to raise working capital warrant conversion of the Case. Prior to filing this motion, the Subsidiaries' attorney informed the Trustee that the Subsidiaries had retained an accountant to prepare 2019 tax returns. Nonetheless, in light of the Debtor's failure to timely file tax returns, maintain reliable books and records and generate positive cash flow, the Trustee believes that new investment at a level sufficient to sustain ongoing operations and meet Chapter 11 plan confirmation requirements is unlikely.

28. Moreover, the Debtor's MBE status makes that prospect more difficult. Specifically, because the Debtor's business depends in large part on government contracts predicated on the Debtor's MBE status, recapitalization of the Debtor's business would need to be structured to maintain that status.

29. Thus, liquidation in Chapter 7 will save the estate the significant costs associated with both the disclosure and plan solicitation process and reporting and quarterly fees to the U.S. Trustee. *See In re Lyons Transp. Lines, Inc.*, 123 B.R. 534 (Bankr. W.D. Pa. 1991).

30. Further, as set forth above, the Debtor has failed to operate pursuant to the express terms of the Procedures Order, and has engaged in self-dealing, all of which constitute cause to convert the Case. *See New Millennium Mgmt.*, 2014 WL 2465938, at *3; *Del Monico*, 2005 WL 1129774, at *4.

31. Based on the foregoing, the Trustee submits that conversion of the Case to Chapter 7 would be in the best interests of the estate and its creditors.

32. The Trustee has given eight days' notice of this motion to the U.S. Trustee, the Debtor and its creditors, which the Trustee submits is sufficient under the circumstances.

WHEREFORE, Frances Gecker, as Chapter 11 trustee of the bankruptcy estate of Black Dog Chicago, LLC, respectfully requests the entry of an order converting this case to Chapter 7 and granting such other and further relief as this Court deems just.

Dated: March 23, 2021

Respectfully submitted,

FRANCES GECKER, as Chapter 11
Trustee of Black Dog Chicago, LLC

By:  /s/   *Micah R. Krohn*
   One of her attorneys

Frances Gecker
Micah R. Krohn (6217264)
FRANKGECKER LLP
1327 W. Washington Blvd., Suite 5G
Chicago, Illinois 60607
Telephone: (312) 276-1400
Facsimile: (312) 276-0035
*mkrohn@fgllp.com*

## CERTIFICATE OF SERVICE

I, Micah R. Krohn, an attorney, hereby certify that on **March 23, 2021**, a true and correct copy of the foregoing **Notice of Motion** and **Trustee's Motion to Convert Case to Chapter 7** was filed electronically.  Notice of the filing, together with a true and correct copy of the Application, will be automatically served upon all parties who are named on the Electronic Mail Notice List by operation of the Court's Electronic Filing System and all parties on the attached service list by first-class mail, postage pre-paid.



/s/ *Micah R. Krohn*
Micah R. Krohn

# Mailing Information for Case 19-28245

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Kurt M. Carlson**   kcarlson@carlsondash.com, knoonan@carlsondash.com;bmurzanski@carlsondash.com
- **Timothy T. Casey**   timothy.casey@faegredrinker.com
- **Scott R Clar**   sclar@cranesimon.com, mjoberhausen@cranesimon.com;asimon@cranesimon.com
- **Shelly A. DeRousse**   sderousse@freeborn.com, bkdocketing@freeborn.com
- **Margaret Fitzsimmons**   Margaret.fitzsimmons@lewisbrisbois.com, sally.boettcher@lewisbrisbois.com
- **Joshua D. Greene**   jgreene@springerbrown.com
- **Micah R. Krohn**   mkrohn@fgllp.com
- **Richard S Lauter**   Richard.Lauter@lewisbrisbois.com, lbbscaesars@gmail.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **John A Lipinsky**   lipinsky@ccmlawyer.com, Haskell@ccmlawyer.com;matthiscyk@ccmlawyer.com
- **Ha M Nguyen**   ha.nguyen@usdoj.gov, USTP.region11.es.ecf@usdoj.gov
- **James B. Sowka**   jsowka@seyfarth.com, chidocket@seyfarth.com;ctholen@seyfarth.com;Jennifer-McManus-1834@ecf.pacerpro.com
- **Jordan Vick**   jvick@seyfarth.com, chidocket@seyfarth.com;jwoods@seyfarth.com
- **Martin J Wasserman**   mwasserman@carlsondash.com, knoonan@carlsondash.com

**Service List - Black Dog Chicago, LLC, Case No. 19 B 28245**

| | |
|---|---|
| Federated Insurance Co.<br>PO Box 755<br>Batavia, IL 60510 | Heritage FS, Inc.<br>c/o John A. Lipinsky<br>Clingen Callow & McLean, LLC<br>2300 Cabot Dr., Suite 500<br>Lisle, IL 60532 |
| Heritage FS, Inc.<br>Gilman Terminal<br>1842 N. US Highway 45<br>Gilman, IL 60938 | Howard Davis<br>120 N. LaSalle St., Suite 1200<br>Chicago, IL 60602 |
| Ice Miller LP<br>200 W. Madison St.<br>Suite 3500<br>Chicago, IL 60606 | Department of Treasury<br>Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Jerome F. Buch<br>Michael R. Levinson<br>Seyfarth Shaw LLP<br>233 S. Wacker Dr., Suite 8000<br>Chicago, IL 60606 | Nicor Gas<br>PO Box 2020<br>Aurora, IL 60507 |
| Parent Petroleum, Inc.<br>c/o James Sowka<br>Seyfarth Shaw LLP<br>233 S. Wacker Dr., Suite 8000<br>Chicago, IL 60606 | Parent Petroleum, Inc.<br>3340 W. Main St.<br>Saint Charles, IL 60175 |
| Peter Mancini<br>630 N. State St.<br>Chicago, IL 60654 | PNC Bank, NA<br>c/o Martin J. Wasserman<br>Kurt M. Carlson<br>Carlson Dash, LLC<br>216 S. Jefferson St., Suite 504<br>Chicago, IL 60661 |
| PNC Bank, NA<br>Attn: Bradley Krieschen<br>325 N. Milwaukee<br>Libertyville, IL 60048 | PNC Bank, NA<br>55 W. Monroe St.<br>Lobby 100b<br>Chicago, IL 60603 |

| | |
|---|---|
| S.B.C. Waste Solutions, Inc.<br>PO Box 1022<br>Lombard, IL 60148 | Verizon<br>PO Box 489<br>Newark, NJ 07101 |

{BLACKDOG/001/00060848.DOCX/3}