**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | No. 19-28245 |
| | ) | |
| BLACK DOG CHICAGO, LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |

**ORDER AUTHORIZING SALE OF LLC MEMBERSHIP INTERESTS
FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**

This matter was heard on the motion (the "Sale Motion") of Frances Gecker, as Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Black Dog Chicago, LLC (the "Debtor"), seeking the entry of an order, pursuant to 11 U.S.C. §§ 363(b), 363(f) and 506(c), authorizing the Trustee to sell, subject to the existing security interests of PNC Bank, N.A. ("PNC") and"), Heritage FS, Inc. ("Heritage"), and the U.S. Small Business Administration (the "SBA" and collectively with PNC and Heritage, the "Secured Creditors") and otherwise free and clear of all liens, claims and encumbrances, the Debtor's LLC membership interests (collectively, the "Membership Interests") in its subsidiaries, Black Dog Petroleum, LLC, Black Dog Foods, LLC and Black Dog Solutions, LLC (collectively, the "Subsidiaries") to Amit Gauri ("Gauri");

**THE COURT FINDS THAT:**

A.   The Court has subject matter jurisdiction over the Sale Motion pursuant to 28 U.S.C. § 1334 and this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E) and (N). Venue of the Case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.   The statutory predicates for the relief sought in the Sale Motion are 11 U.S.C. §§ 363(b), 363(f) and 506(c) and Fed.R.Bankr.P. 2002, 6004 and 9014.

C.	The Trustee has given proper, timely, adequate and sufficient notice of the Sale Motion, the hearing on the Sale Motion (the "Sale Hearing") and the Sale in compliance with 11 U.S.C. § 363 and Fed.R.Bankr.P. 2002, 6004 and 9014. Such notice is good, sufficient and appropriate under the circumstances.

D.	Pursuant to the terms set forth herein (the "Sale" or the "Agreement"), the Trustee is effectuating the transfer of the Membership Interests to Gauri through the execution of a bill of sale in exchange for $150,000 (the "Carve-Out"), payable by Gauri's father Inder K. Gauri directly to FrankGecker LLP, pursuant to 11 U.S.C. § 506(c), on account of Chapter 11 attorneys' fees and expenses incurred by the Trustee and her professionals to preserve the Secured Creditors' collateral of PNC and Heritage.

E.	PNC and Heritage have consented to the Carve-Out, subject to restructuring the Debtor's indebtedness to PNC and Heritage with certain third parties (the "Restructuring Transactions"). The SBA has consented to the Carve-Out, subject to repayment of SBA Loan #4171827900, dated June 14, 2020, in the amount of $150,000 (the "SBA Loan"), at the Sale closing. The Trustee's agreement to transfer the Membership Interests to Gauri likewise is subject to the closing of the Restructuring Transactions, repayment of the SBA Loan and payment of the Carve-Out.

F.	In furtherance of the Agreement, and subject to the consummation of the Sale ("Closing"): (1) the Trustee and her attorneys, FrankGecker LLP, have agreed to waive all of their Chapter 11 fees and expenses over and above the Carve-Out, (2) Heritage has agreed to withdraw its claim against the estate, and (3) PNC's counsel has informed the Trustee that he will request authorization from PNC to withdraw PNC's claim against the estate.

G.	The Trustee has demonstrated a sufficient basis to sell the Membership Interests on the terms outlined in the Sale Motion and herein under 11 U.S.C. § 363, and all such actions

{BLACKDOG/001/00062144.DOCX/34}　　　　2

are appropriate exercises of the Trustee's business judgment and in the best interests of the estate and its creditors.

H. The offer of Gauri, upon the terms and conditions set forth in the Sale Motion and herein, including the consideration to be realized by the Trustee, is fair and reasonable, is in the best interest of the estate and its creditors, and constitutes full and adequate consideration and reasonably equivalent value for the Membership Interests.

I. The Trustee has full power and authority to execute, deliver and file all documents contemplated or necessary to consummate the Sale. Other than as set forth herein, no consents or approvals are required for the Trustee to consummate the Sale.

J. Approval and consummation of the Sale is in the best interests of the Debtor, its creditors, its estate and other parties in interest.

K. The Agreement was negotiated and entered into in good faith, based upon arm's length negotiations and without collusion or fraud of any kind and neither the Trustee nor Gauri have engaged in any conduct that is forbidden by law or would cause or permit the Sale to be avoided under 11 U.S.C. § 363(n).

L. A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities, including: the Office of the United States Trustee; the Debtor and its members; Gauri; all entities known to have asserted any lien, claim or interest in or to any of the Membership Interests; the ~~U.S. Small Business Administration~~SBA; the creditors listed on the creditors matrix in Gauri's individual Chapter 11 case pending in this Court as Case No. 21-3680 and all entities that filed notices of appearance in that case; and all parties that have requested notice in the Case.

M. The Sale of the Membership Interests to Gauri will be a legal, valid, and effective transfer of the Membership Interests, authorized pursuant to the Bankruptcy Code, and will vest

{BLACKDOG/001/00062144.DOCX/~~3~~4}      3

Gauri ~~will~~with all right, title, and interest to the Membership Interests, subject to the ~~existing~~ security interests of ~~PNC~~the Secured Creditors, to the same scope and ~~Heritage, and~~extent that they now exist, but otherwise free and clear of all liens, claims, encumbrances and interests, including without limitation any taxes arising under or out of, in connection with or in any way relating to the operation of the business of the Debtor prior to the date of the Closing.

N.    The Trustee may sell the Membership Interests, subject to the ~~existing~~ security interests of ~~PNC~~the Secured Creditors, to the same scope and ~~Heritage~~extent that they now exist, and otherwise free and clear of all interests, liens, claims and encumbrances of any kind or nature whatsoever, because in each case one or more of the standards set forth in 11 U.S.C. § 363(f) have been satisfied.

O.    Pursuant to 11 U.S.C. § 363(f)(2) all parties with liens, claims, encumbrances and interests in and against the Membership Interests, who did not object, or who withdrew their objections, to the Sale Motion are deemed to have consented to the Sale subject to the ~~existing~~ security interests of ~~PNC~~the Secured Creditors, to the same scope and ~~Heritage~~extent that they now exist, and otherwise free and clear of all liens, claims, encumbrances and interests.

P.    To maximize the value of the Membership Interests and minimize the costs incurred by the estate, it is essential that the Sale occur promptly. Thus, there is cause to lift the stay contemplated by Fed.R.Bankr.P. 6004.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The Agreement is approved.

2.    All objections to the relief granted herein, whether filed, stated on the record at the Sale Hearing or otherwise, are overruled on the merits and with prejudice to the extent they have not been withdrawn, waived, or resolved.

3.　The terms of this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Trustee, the estate and its creditors, and Gauri, and all of their respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting liens, claims, encumbrances or interests in the Membership Interests.

4.　Gauri has not engaged in collusive bidding or otherwise violated the provisions of 11 U.S.C. § 363(m). The transactions contemplated by the Agreement are undertaken by Gauri in good faith, as that term is used in 11 U.S.C. § 363(m) and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to Gauri unless such authorization is duly stayed pending such appeal.

5.　The Sale of the Membership Interests to Gauri as set forth herein is approved pursuant to 11 U.S.C. § 363, and the Trustee and Gauri and their respective professionals, agents and other representatives are authorized to immediately take any and all such actions, without further order of Court, as are necessary or appropriate to consummate and implement the Agreement; <u>provided that</u> the Trustee's obligation to transfer and deliver the Membership Interests to Gauri is expressly conditioned on (a) payment of the Carve-Out to FrankGecker LLP<u>, (b) repayment of the SBA Loan,</u> and (<s>b</s><u>c</u>) the closing of the restructuring of the PNC Facility and the Heritage Facility.

6.　This Sale Order shall be effective as a determination that, as of and subject to Closing, all liens, claims, encumbrances and interests of any kind or nature whatsoever existing as to the Debtor or the Membership Interests, other than the <s>existing</s> security interests of <s>PNC</s><u>the Secured Creditors, to the same scope</u> and <s>Heritage</s><u>extent that they now exist</u>, have been unconditionally released, discharged and terminated as to Gauri and the Membership Interests, and the conveyances described herein have been effected.

{BLACKDOG/001/00062144.DOCX/<s>3</s><u>4</u>}　　　　　5

7. To effectuate consummation of the Sale, Gauri is authorized to file and record termination statements, lien terminations or any other applicable documents in any required jurisdiction to remove any record, notice filing, or financing statement filed or recorded with respect to any lien, claim, encumbrance or interest that is extinguished or otherwise released pursuant to this Sale Order. Notwithstanding the foregoing, the provisions of this Sale Order authorizing the transfer of the Membership Interests, subject to the ~~existing~~ security interests of ~~PNC~~the Secured Creditors, to the same scope and ~~Heritage~~extent that they now exist, and otherwise free and clear of all liens, claims, encumbrances and interests, shall be self-executing, and the Trustee, Gauri and creditors shall not be required to execute, record or file releases, termination statements, assignments, consents or other instruments in order for the provisions of this Sale Order to be effectuated, consummated and/or implemented.

8. At Closing, pursuant to 11 U.S.C. § 506(c), Inder K. Gauri is authorized to transfer the amount of $150,000 to FrankGecker LLP in payment and full satisfaction of the Trustee's Chapter 11 fees and expenses, at which time all other Chapter 11 fees and expenses incurred by the Trustee and FrankGecker LLP shall be deemed waived.

9. Effective upon and subject to Closing, all claims of Heritage against the estate ~~by~~ shall be deemed waived.

10. Effective upon and subject to Closing, and to the extent approved by PNC, all claims of PNC against the estate by shall be deemed waived.

11. Effective upon and subject to Closing, all administrative expense claims of the SBA against the estate by shall be deemed waived.

~~11.~~ 12. The automatic stay under 11 U.S.C. § 362 is modified to the extent necessary to implement the terms and provisions of the Agreement and the provisions of this Sale Order.

12.13. Pursuant to Fed.R.Bankr.P. 6004(h), this Sale Order shall be effective immediately upon entry and the Trustee and Gauri are authorized to close the Sale as soon as reasonably practicable upon entry of this Sale Order.

13.14. The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court, provided that such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

14.15. This Court shall retain jurisdiction to interpret, implement and enforce the terms and provisions of this Sale Order and the Agreement, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale.

Dated: September __, 2021          ENTERED:

_____
Honorable Janet S. Baer
United States Bankruptcy Judge

**Prepared by:**
Micah R. Krohn (6217264)
FrankGecker LLP
1327 W. Washington Blvd., Ste. 5G
Chicago, Illinois 60607
Telephone: (312) 276-1400
mkrohn@fgllp.com

{BLACKDOG/001/00062144.DOCX/34}    7